**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **ENRIQUE MANTILLA-OLAYA** | **PETITIONER** |
| **v.** | **CIVIL ACTION NO. 3:25-cv-875-KHJ-MTP** |
| **WARDEN CHILDRESS** | **RESPONDENT** |

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Enrique Mantilla-Olaya's Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be dismissed without prejudice for Mantilla-Olaya's failure to exhaust administrative remedies prior to filing his Petition.

**BACKGROUND**

On November 10, 2020, Mantilla-Olaya was sentenced in the United States District Court for the Middle District of Florida to a 168-month term of imprisonment for conspiracy to possess with intent to distribute five kilograms of cocaine while aboard a vessel. *See* [11-1] at 6.

On November 17, 2025, while housed at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), Mantilla-Olaya filed the instant Petition [1] under 28 U.S.C. § 2241 seeking additional time credit under the First Step Act ("FSA")[1] "for the time endured on lockdown during Global COVID-19 Pandemic from January 2020 to March 4, 2021 . . . ." *See* [1] at 1. On April 28, 2026, Respondent Warden Childress filed a Response [11] arguing, *inter alia*, that the Petition should be dismissed because Mantilla-Olaya failed to

[1] *See* 18 U.S.C. § 3632. The FSA provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions to their sentences.

exhaust his administrative remedies prior to filing this action. Mantilla-Olaya did not file a reply.

**ANALYSIS**

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the Bureau of Prisons ("BOP"). *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008).

There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller v. Rich*, 11 F.3d 61, 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Pursuant to 28 C.F.R. §§ 542.13-542.15, the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedies to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the final step of the

grievance process, an appeal to the BOP's Office of General Counsel. *See* 28 C.F.R. §§ 542.13-542.15; [11-1] at 3.

Respondent asserts that Mantilla-Olaya did not initiate the administrative remedies process, much less exhaust the process. In support, Respondent provides a declaration from Amy Landers, a paralegal at FCC Yazoo City, stating that Mantilla-Olaya did not file any formal requests concerning the award of time credit for time served during the COVID-19 lockdown periods. *See* [11-1] at 4.

Mantilla-Olaya does not contest this. Instead, he argues that exhaustion is neither required not appropriate. Specifically, he argues that the Prison Litigation Reform Act ("PLRA") and its exhaustion requirement are not applicable to § 2241 habeas proceedings. *See* [1] at 4. He also argues that exhaustion should not be required because (1) "[t]he agency has demonstrated a predetermined position," (2) "[t]he relief sought requires immediate action," (3) exhaustion "would be futile given documented system-wide implementation failures," (4) his "challenge involves statutory interpretations rather than factual disputes."

The undersigned will address these arguments in order, beginning with the PLRA. Mantilla-Olaya is correct that the exhaustion requirement for § 2241 habeas proceedings is not imposed by this Act. *See Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998). Instead, it is judicially created, and in the Fifth Circuit, a petitioner must, absent extraordinary circumstances, exhaust his administrative remedies prior to filing a § 2241 habeas petition. *See Rourke*, 11 F.3d at 49; *Fuller*, 11 F.3d at 62.

Next, Mantilla-Olaya argues that exhaustion is not required because the BOP has a predetermined position. Mantilla-Olaya bears the burden of demonstrating the futility of administrative review, and "the fact that a petitioner believes his grievances will be denied does

not make the remedy futile." *Ansari v. Ma'at*, 2022 WL 4493002, at *2 (W.D. La. Sept. 13, 2022); *see also Mercado-Pedroza v. Warden*, 2018 WL 1310008, at *3 (E.D. Tex. Feb. 13, 2018) ("the fact that petitioner believes his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion"). "Even if the BOP is likely to deny relief, it does not make exhaustion futile." *Wy v. Berkebile*, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008).

Mantilla-Olaya also argues that immediate action is required but exhaustion would take 90 to 120 days and would serve no purpose beyond delay. But, the fact that it takes time to exhaust administrative remedies does not excuse a petitioner from completing the process. The Supreme Court has held that even inmates who may be entitled to immediate release must exhaust administrative remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). The Supreme Court also noted that while exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Id*.

Mantilla-Olaya next argues that exhaustion would be futile "given documented system-wide implementation failures." Mantilla-Olaya asserts that these failures are demonstrated by a "new mandate from the Director of the B.O.P. to Case-Managers to expand FSA – halfway house, home confinement and advising then if they failed to do their job they would be met with insubordination consequences." *See* [1] at 6. If this mandate exists, it would undermine Mantilla-Olaya's argument that exhaustion is futile. By Mantilla-Olaya's telling, the BOP Director has specifically directed staff to expand the awarding of FSA credit. Mantilla-Olaya has otherwise failed to raise anything more that general, conclusory allegations concerning the futility of exhaustion.

Turning to his argument that exhaustion is unnecessary because this action concerns only questions of statutory interpretation, Mantilla-Olaya has failed to demonstrate that the issues in this action are purely legal questions of statutory interpretation. Moreover, even if this action only concerned statutory interpretation, Mantilla-Olaya has not shown that exhaustion would be a patently futile course of action. *See Fuller*, 11 F.3d at 62.

In *Gallegos-Hernandez v. U.S.*, the United States Court of Appeals for the Fifth Circuit held that a prisoner challenging the constitutionality of a BOP regulation, which excluded aliens from participation in rehabilitation programs, was not required to exhaust administrative remedies before filing his habeas petition. 688 F.3d 190, 194 (5th Cir. 2012). The court explained "it would have been futile for him to make an administrative challenge seeking this relief from those who are charged to enforce the regulation." *Id*.

An inmate, however, must still exhaust a claim that the BOP "erred in its application of" statutes and regulations. *Id*. Such is the case here. "Unlike the petitioner in *Gallegos-Hernandez* . . ., [Mantilla-Olaya] is not arguing in this case that the BOP's regulations or governing statutes are unconstitutional." *Aldaco v. Nash*, 2016 WL 407322, at *3 n.2 (W.D. Tex. Feb. 2, 2016). Instead, he is challenging the BOP's application of statutes and regulations.[2] Thus, it is appropriate for the BOP to determine through the administrative process whether Mantilla-Olaya is entitled to additional credits.

Because Mantilla-Olaya cannot show extraordinary circumstances that would warrant waiving the exhaustion requirement, the Petition should be dismissed without prejudice.

[2] Mantilla-Olaya specifically asserts that the BOP's decision not to grant him time credits "constitutes a violation of an established Congress passed Act 18 U.S.C. 3632 . . . ." *See* [1] at 4.

## CONCLUSION AND RECOMMENDATION

The record shows that Mantilla-Olaya did not exhaust his administrative remedies, and he has failed to demonstrate any extraordinary circumstances that would warrant waiving the exhaustion requirement. Thus, the undersigned recommends that the Petition [1] for Writ of Habeas Corpus be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 7th day of August, 2026.

s/ Michael T. Parker
United States Magistrate Judge